**UNITED STATES of America,**

v.

**Charles Lamont HOPE, Defendant.**

No. 501CR2381H(3).

United States District Court,
E.D. North Carolina,
Western Division.

Nov. 21, 2001.

Lewis A. Thompson, III, Banzet, Banzet & Thompson, Warrenton, NC, for Defendant.

Winnie Reaves, U.S. Atty's Office, Raleigh, NC, for U.S.

## ORDER

MALCOLM J. HOWARD, District Judge.

This matter is before the court on defendant's motion to dismiss the indictment dated October 16, 2001, due to the failure of the government to comply with Speedy Trial Act requirements. The government has filed a response to this motion and this matter is ripe for adjudication.

### STATEMENT OF THE CASE

On July 3, 2001, defendant was charged in a criminal complaint with conspiracy to possess with the intent to distribute crack and possession of a firearm after conviction. On September 6, 2001, United States Magistrate Judge Alexander B. Denson extended the time for filing an indictment against the defendant "up to and including October 15, 2001." The government did not indict the defendant until October 16, 2001. As a result, the defendant's present motion seeks dismissal of the indictment with prejudice, contending that the government's failure to indict the defendant within the time period violates his right to a speedy trial pursuant to 18 U.S.C. § 3161(a).

### COURT'S DISCUSSION

■ The Speedy Trial Act ("Act") provides:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty (30) days from the date on which such individual was arrested or served with a summons in connection with such charges

18 U.S.C. § 3161(b). Pursuant to this Act, an indictment filed outside the thirty-day period must be dismissed, subject to a few narrow exceptions. 18 U.S.C. § 3162(a)(1). None of these exceptions apply in the present case and it is evident that the indictment must be dismissed. Indeed, both parties agree that the present indictment, filed one day after the date set by Magistrate Judge Denson, must be dismissed. The issue pending for resolution, however, is whether this dismissal should be with or without prejudice.

■ The Speedy Trial Act allows a district court to dismiss an indictment without prejudice. *Id.* In making this determination, the court weighs several factors:

1. the seriousness of the offense;
2. the facts and circumstances of the case which led to dismissal;
3. the impact of a reprosecution on the administration of this chapter and on the administration of justice.

*Id.* In addition, prejudice to the defendant may be considered when a district court decides to dismiss an indictment with or without prejudice. *United States v. Taylor,* 487 U.S. 326, 333–34, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1988). In the instant case, each of these factors weighs in favor of a dismissal without prejudice.

First, the defendant is clearly charged with a serious offense. The minimum penalty for a violation of 21 U.S.C. § 841(a)(1), possession with the intent to distribute at least 50 grams of crack, is ten years. Defendant is also charged as a felon in possession of a firearm. These charges, when considered in conjunction with defendant's previous felony convictions, expose the defendant to a possible life sentence, revealing the seriousness of the offenses charged.

Second, the facts and circumstances of the case which led to dismissal do not show any neglect or delay by the United States. The one day delay in filing the indictment was caused by negotiations between the parties that eventually broke down. In fact, the United States presented the defendant with a proposed plea agreement which would have allowed him to dispose of the charges by way of a criminal information.

■ Third, the reprosecution would not negatively impact the administration of the Speedy Trial Act or the due administration of justice. The defendant has not shown any bad faith or delay by the United States. In the absence of even an allegation of delay or neglect, a dismissal with prejudice is disfavored.

> [I]n the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney, an "isolated unwitting violation" of the Speedy Trial Act cannot support a decision to dismiss with prejudice.

*United States v. Hernandez,* 863 F.2d 239, 244 (2nd Cir.1988). Furthermore, the defendant has not alleged any negative effect his reprosecution may have on the Speedy Trial Act or on the administration of justice. In fact, even imagining such a negative effect is difficult. The United States sent the defendant a plea agreement and agreed to extend the time for defendant's response. It was only after the defendant failed to respond by this deadline that the United States learned that defendant was not amenable to the plea offer.

Fourth, any prejudice to the defendant in dismissing without prejudice is minimal. During much of the period of his incarceration since the complaint was filed, the defendant was in state custody serving time for an unrelated probation violation. A one day delay is hardly the type of prejudicial delay that calls for dismissal with prejudice. *See Hernandez,* 863 F.2d at 244 ("[S]hort delays of the kind present here do not become 'serious' violations of the Speedy Trial Act unless there is some resulting prejudice to the defendant."). If a fourteen-day delay "borders on being *de minimis,*" *id.,* the government's one-day delay plainly did not result in any prejudice.

## CONCLUSION

Based on the foregoing analysis, defendant's motion to dismiss with prejudice for failure to file a timely indictment under

the Speedy Trial Act is DENIED IN PART and GRANTED IN PART. The indictment is DISMISSED, but WITHOUT PREJUDICE to refiling.